UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MERRY EDWARDS | CIVIL ACTION NO. 05-0288 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| FRED'S, INC., et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

ORDER OF REMAND

Before the court is plaintiff's motion to remand, **Doc. # 11**, referred to me by the district judge for decision.

This is a slip and fall case in which plaintiff alleges that she was injured when she fell at the Fred's store in Natchitoches. Plaintiff claims entitlement to medical bills, physical and mental pain, "loss of functioning" and loss of enjoyment of life.

The suit was removed by defendants who asserted that the claim exceeds the jurisdictional limits of the court. Complete diversity is not contested. In their removal petition, defendants suggest that, because plaintiff failed to specify the amount of damages in her complaint, jurisdiction is *ipso facto* established. Defendants are mistaken.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has apply different standards of proof, depending upon whether the complaint prays for a specific amount of damages. Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional

amount. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, litigants who want to prevent removal must file a binding stipulation or affidavit **with their complaints**. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. Gebbia v. Wal-

2

Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to that period of time. Allen, 63 F.3d at 1335.

In this case, plaintiff failed to provide the amount of damages claimed in her complaint. The amount in dispuite is not facially apparent from the complaint. Defendants have not come forward in their removal petition or by affidavit with any evidence that the amount in controversy exceeds $75,000. Instead, defendants suggest only that, because plaintiff claims that she suffered "severe" injuries and claims future loss and disability and loss of function, remand should be denied. However, here the complaint alleges "with little specificity" the damages claimed. See Simon v. Wal-Mart Stores, Inc. 193 F.3d 848 (5th Cir. 1999). Further, the settlement demand by plaintiff is only $7,049. Contrary to what defendant suggests, a demand letter may be considered by the court in determining the true amount in controversy. Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759 (5th Cir. 2000).

Therefore, I find that the defendant has failed to show by a preponderance of the evidence that the jurisdictional amount is met.

For these reasons, IT IS ORDERED that this case be REMANDED to the 10th Judicial District Court, Parish of Natchitoches for further proceedings.

Alexandria, Louisiana, August 30, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE